## MOORE v. STATE.

No. 16256—Opinion Filed May 18, 1926.

1. **Frauds, Statute Of—Sale Contract Executed by Delivery.**

Where a purchaser of an automobile ac-

cepts it and receives the same into his exclusive possession, the transaction is taken out of the provision of the statute of frauds, section 5034, Comp. Stats. 1921.

**2. Automobiles—Validity of Sale—Effect of Statute Requiring Abstract of Title.**

Chapter 221, Session Laws 1923, p. 385, does not apply to a motor vehicle which is not shown by the record to have been registered by the manufacturer or dealer under the laws of Oklahoma.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by the State against John Moore and one automobile, Willis a Moore intervening, for confiscation and forfeiture of automobile. Judgment for plaintiff for one-half interest in car against John Moore. Willis A. Moore, intervener, brings error. Reversed, with instructions.

Geo. L. Zink, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

Opinion by THOMPSON, C. This is an action commenced in the county court of Kiowa County, by the state of Oklahoma, defendant in error, plaintiff below, against John Moore and one Maxwell automobile, engine No. 335-714, tag No. 231596, as defendants, in which Willis A. Moore intervened and is plaintiff in error here, to confiscate and forfeit the said Maxwell automobile.

John Moore was arrested, and the automobile taken into custody by the sheriff of Kiowa county, charged with transporting liquor in said county in violation of the prohibition laws of the state of Oklahoma.

There is no question raised as to the regularity of the proceeding, but the intervener, Willis A. Moore, in his plea of intervention, claimed to be the owner of the car, and that he had no knowledge that any liquor had ever been transported in said car, and if it had been done, it was without his knowledge or consent; that the car was originally purchased by him and the defendant, John Moore, his brother, from Adolph Feitz, on the 5th day of February, 1924; that he, himself, paid the cash-down payment on the automobile, and that he and his brother executed notes for the deferred payments, which we gather from the record were six in number of $25 each; that, on the 6th day of March thereafter, John Moore made sworn

applications for license to the Highway Department of Oklahoma, and the license tags were issued in his name to him; that John Moore had never made any payment on the automobile, and on the 5th day of May, 1924, orally relinquished all interest in the automobile to the intervener, Willis A. Moore, who paid all the indebtedness to the Feitz Brothers. And the record further shows that John Moore had bought casings for the car from Fred Lawson, for which he had not paid, and that he, the said intervener, assumed and paid said indebtedness, that up to May 5th the car was owned jointly by him and the defendant, John Moore, but that at no time had John Moore paid anything for the car or for the up-keep of said car.

Upon trial of the cause, the county court rendered judgment of forfeiture of the one-half interest of defendant, John Moore, in said car, and ordered the said one-half interest sold according to law. After an unsuccessful motion for new trial had been filed, the cause comes regularly upon appeal to this court by Willis A. Moore, intervener.

Several assignments of error are contained in the brief of attorney for intervener, but he submits his argument under the head that the judgment of the trial court is contrary to law, contrary to the evidence, and not supported by the evidence, and that the court erred in overruling the motion for new trial. The only question presented here is whether John Moore, once having been the owner of an admitted undivided one-half interest in the car, had made a legal transfer of his half interest to the intervener, Willis A. Moore. If he had, there is no evidence in the record to show that the intervener, Willis A. Moore, had any knowledge whatever of the liquor being transported, and the effect of the court's judgment in not confiscating Willis A. Moore's one-half interest is that Willis A. Moore had no connection with the transportation.

The uncontradicted evidence of the transfer is that on the 5th day of May, 1924, the intervener, Willis A. Moore, having paid all the former payments, and having assumed the deferred payments on the automobile and made the same satisfactory with the Feitz Brothers, from whom the car was purchased, and having assumed the indebtedness for the tires and having paid all of the indebtedness, the one-half interest of John Moore was, by him, orally turned over to the possession of the intervener, Willis A. Moore.

It is admitted that up to the 5th day of

May, 1924, there was a joint. equal ownership in the car; that John Moore had obtained the license for the same; that John Moore had purchased the tires for the same, and it is acknowledged by all parties that he was the joint owner of an undivided one-half interest therein until that date.

The legality of the oral transfer claimed to have been made from John Moore to Willis A. Moore, the intervener, must be measured by the statute law of this state. The acceptance of the automobile by Willis A. Moore on May 5, 1924, was sufficient to take the transaction out of the operation of the statute of fraud (section 5034. Comp. Stats. 1921).

It is contended by the attorney for the state that chapter 221, Session Laws 1923, p. 385, especially section 1, subd. (c). requires that an abstract of title must accompany the transfer of the automobile as provided in said chapter. We do not think this chapter is applicable, for the reason that subdivision (a) of said act defines the motor vehicle to which this legislation applies to be "a motor vehicle which has been registered by the manufacturer or dealer." The record in this case shows that this automobile was a second-hand car. and the record is silent as to where it originated, or who were the owners of it, before it came into the hands of Feitz Brothers, or as to whether it had ever been registered by any one in the state of Oklahoma before the license was issued to John Moore on March 6, 1924. Under this state of the record, it is not sufficient to make this act applicable in this case.

Willis A. Moore, the intervener, being held by the trial court to have been entirely innocent of any violation of the law for transportation of liquor, charged in this action, having secured title to the automobile in the manner he did, and there being no dispute about the facts as to his possession thereof, must be held to be the exclusive owner thereof from and after the 5th day of May, 1924, and that the same was not subject to seizure and sale in this action.

We are therefore of the opinion that the judgment of the trial court should be, and it is hereby reversed, with instructions to release the automobile from the order of forfeiture, and restore the same to the possession of the intervener. Willis A. Moore.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. p. 323 § 409. (2) 28 Cyc. p. 44 (Anno).